# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DIANNE PERRY,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0645** (BOR Appeal No. 2053852)
(Claim No. 2015005391)

**FAYETTE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dianne Perry, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Fayette County Board of Education, by Counsel Jillian L. Moore, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no additional permanent partial disability award on November 9, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 9, 2019, Order. The Order was affirmed by the Board of Review on June 17, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Perry, a cafeteria manager, was injured in the course of her employment on August 19, 2014, when she slipped and fell on concrete. The Employees' and Physicians' Report of Injury, completed that day, indicates she was diagnosed with acetabulum fracture and shoulder injury. The claim was held compensable for closed fracture of the acetabulum on August 20, 2014. On October 21, 2014, a right shoulder MRI showed no rotator cuff or biceps tendon tears, fractures, or dislocations. It revealed a tear of the superior glenoid labrum. The claim was held compensable for superior glenoid labrum lesions, closed fracture of the acetabulum, and closed fracture of the pubis on October 24, 2014. On January 15, 2015, a right shoulder MRI showed nonspecific humeral edema with no definite evidence of fracture, rotator cuff tear, or labrum tear.

1

On January 27, 2015, Chad Lavender, M.D., performed a right shoulder arthroscopy, acromioplasty, biceps tenotomy, and minor anterior and posterior capsule release for the diagnoses of right shoulder loose body, impingement syndrome, acromioplasty of the right shoulder, biceps tenotomy, and minor anterior and posterior capsule release. On June 3, 2015, Ms. Perry returned for follow up and reported significant improvement in range of motion. Dr. Lavender found that she had regained all of her range of motion and continued to improve. She remained unable to return to work due to weakness.

Paul Bachwitt, M.D., performed an independent medical evaluation in which he noted degenerative changes in the hip and acetabular on August 10, 2015. He recommended a total hip arthroplasty and opined that Ms. Perry would not reach maximum medical improvement until after her surgery. Dr. Bachwitt also found that she had not reached maximum medical improvement for the right shoulder.

Aaron Sop, D.O., evaluated Ms. Perry for right hip fracture and right shoulder dislocation on August 20, 2015. Dr. Sop diagnosed right acetabular fracture status post closed treatment, right pubic rami fracture status post closed treatment, and mild arthritic changes in the right hip. Dr. Sop opined that Ms. Perry does not have severe degenerative joint disease and that a total hip arthroplasty is not necessary.

In an August 20, 2015, addendum to his report, Dr. Bachwitt opined that Ms. Perry had reached maximum medical improvement for the right shoulder. He assessed 5% impairment. Ms. Perry had not yet reached maximum medical improvement for the right hip. On September 25, 2015, Dr. Bachwitt completed a second addendum in which he opined that Ms. Perry needed a right hip arthroplasty. He noted that imaging studies showed a four-millimeter displacement and that a total hip arthroplasty is the only treatment. On October 30, 2015, the claims administrator granted a 5% permanent partial disability award.

Robert Walker, M.D., performed an independent medical evaluation on July 19, 2017, in which he assessed 15% right upper extremity impairment due to range of motion loss and 10% for a right shoulder arthroplasty. His total upper extremity impairment was 24%, which converted to 14% whole person impairment. For the right hip, Dr. Walker assessed 4% impairment. His combined total impairment rating for the compensable injury was 17%.

Kelly Agnew, M.D., performed an independent medical evaluation on October 11, 2017, in which he found that Ms. Perry had reached maximum medical improvement. Dr. Agnew assessed 7% right shoulder impairment and 0% left hip impairment. Dr. Agnew apportioned 2% of the right shoulder impairment for non-organic manifestations. His total impairment rating was 5%. Dr. Agnew stated that he reviewed an evaluation by Dr. Walker, who assessed 14% right shoulder impairment and 4% right hip impairment. Dr. Agnew disagreed with both assessments. He stated that the right shoulder impairment was largely based on Dr. Walker's finding that Ms. Perry had an arthroplasty and/or distal clavicle. Dr. Agnew opined that she underwent an acromioplasty, not an arthroplasty and there was no mention in the operative report of a distal clavicle. Therefore, Dr. Agnew opined that Dr. Walker's finding of 14% right shoulder impairment

was not reliable. Regarding the 4% impairment for the right hip, Dr. Agnew opined that Dr. Walker's range of motion measurements were unreliable. The claims administrator granted no additional permanent partial disability award on November 9, 2017.

On September 18, 2018, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he diagnosed right shoulder injury for which Ms. Perry underwent arthroscopic surgery. Dr. Mukkamala noted that all pelvic fractures healed with good alignment. Dr. Mukkamala found that Ms. Perry had reached maximum medical improvement. He assessed 5% right shoulder impairment and 0% right hip impairment. Dr. Mukkamala opined that Dr. Walker's report was not credible. Dr. Walker found 10% upper extremity impairment for a distal clavicle resection but Dr. Mukkamala stated that the operative report indicates Ms. Perry did not undergo that procedure.

The Office of Judges affirmed the claims administrator's decision granting no additional permanent partial disability award in its January 9, 2019, Order. It found that Dr. Walker's right shoulder impairment was based on his finding that Ms. Perry underwent a right shoulder arthroplasty. The Office of Judges determined that Dr. Walker was incorrect, and Ms. Perry underwent no such procedure. Drs. Agnew and Mukkamala both found that Dr. Walker incorrectly assessed 10% upper extremity impairment for a right shoulder procedure that was never performed. The Office of Judges noted that Dr. Bachwitt did not recommend impairment for a right shoulder arthroplasty.

Dr. Walker's finding of 15% upper extremity impairment due to range of motion restrictions was also found to be unreliable. The Office of Judges found that 15% upper extremity impairment equates to 9% whole person impairment. The other evaluators of record, Drs. Bachwitt, Agnew, and Mukkamala, all found 5% impairment for the right shoulder. The Office of Judges determined that Dr. Lavender, who performed the right shoulder surgery, noted four months after the surgery that Ms. Perry had regained almost all of her right shoulder range of motion.

Regarding the right hip, Dr. Walker found 4% impairment based on his finding of sixty degrees of right hip flexion. The Office of Judges found that neither Dr. Agnew nor Dr. Mukkamala found right hip range of motion deficits. Dr. Agnew opined in his report someone who only had sixty degrees of flexion in the right hip would not be capable of sitting in a chair or on an examination table as Ms. Perry did. Dr. Walker's finding of 4% right hip impairment was therefore found to be unreliable. The Office of Judges ultimately concluded that Ms. Perry was entitled to no additional permanent partial disability award above the 5% already granted. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 17, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Perry's contention that she is entitled to more than a 5% permanent partial disability award is based on Dr. Walker's report. His report is clearly at odds with the remainder of the evidence of record and was properly found to be unreliable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison